UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, CEMENT MASONS PENSION TRUST FUND FOR NORTHERN CALIFORNIA, CEMENT MASONS VACATION/HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA, CEMENT MASONS APPRENTICESHIP AND TRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>    Plaintiffs,<br>    v.<br><br>KMA CONCRETE CONSTRUCTION CO.,<br><br>    Defendant.<br>_____/ | No. C 10-05831 LB<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**<br><br>[ECF No. 8] |

## I. DISCUSSION

On December 22, 2010, Plaintiffs Boards of Trustees for various employee benefit plans for cement masons sued Defendant KMA Concrete Construction Company for failing to pay employee fringe benefits in violation of the parties' collective bargaining agreement, the trust agreements, and the Employee Retirement Income Security Act (ERISA). *See* Complaint, ECF No. 1. After the clerk of the court entered default against KMA on February 7, 2011, Plaintiffs filed a motion for default judgment on April 6, 2011. *See* Default, ECF No. 7; Motion for Default Judgment, ECF No.

8.

The motion for default judgment and supporting documents do not adequately support the relief that Plaintiffs request for two reasons. First, Plaintiffs seek contributions for months that they do not identify in their pleadings. *See* Fed. R. Civ. P. 54(c); *Cripps v. Life Ins. Co. of N. America*, 980 F.2d 1261, 1267 (9th Cir. 1992) (relief limited to that requested in complaint). Second, the calculations contained in John Hagan's supporting declarations appear to be incorrect and Plaintiffs provide no explanation of how they arrived at the numbers. For Plaintiffs' benefit, the court lists a sample of the deficiencies below.

**A.  Contributions for Months Not Plead in Complaint**

Plaintiffs seek contributions for November 2010 to January 2011, but failed to plead these months in their complaint. Motion, ECF No. 8 at 4; John Hagan Declaration, ECF No. 8-12 at 1, Exh. E.

**B.  Discrepancies in the Interest Calculations**

Plaintiffs' interest calculations appear to be incorrect. Hagan Declaration, ECF No. 8-12 at 1, Exh. E; ECF No. 8-13 at 1, Exh. F. First, the chart supporting the interest calculations for each contribution category includes interest calculations for the Vacation/Holiday trust fund, but the summary at the bottom of the page does not. ECF No. 8-13 at 1, Exh. F. Plaintiffs do not explain this difference.

Second, taking the total outstanding balance KMA owes from Plaintiffs' Exhibit E and multiplying it by 1.5% (the interest rate per month) and then multiplying that figure by the number of months that KMA has been delinquent (Plaintiffs calculated the amounts through January 25, 2011), the resulting figures do not correspond to those contained in Plaintiffs' chart.[1] For example, for the October 2009 delinquent payments, Plaintiffs seek $318.77 more than the court's calculations suggest ($221.12 more if Vacation/Holiday is excluded). For other months, Plaintiffs seek *less* than it appears they are entitled to. For instance, Plaintiffs seek $60.57 less than they are entitled to for

---

[1] All of the calculations in this section account for Plaintiffs' inability to collect on any missed or late contributions for November 2010 to January 2011. Thus, they do not include any amounts that Plaintiffs seek for those months.

November 2009 ($41.99 if Vacation/Holiday is excluded). In all, Plaintiffs seek $318.39 more in interest than they are entitled to based on the figures from the chart (i.e. including the Vacation/Holiday category), and $215.65 more than they are entitled to in the summary of interest and liquidated damages at the bottom of the page (i.e. excluding the Vacation/Holiday category). These discrepancies pervade the interest calculations in Exhibit F and Plaintiffs provide no explanation for how they arrived at their figures.

### C. Interest on Late Paid Contributions

Plaintiffs request a total of $13,937.48 in interest and liquidated damages for late payments for June 2008 to September 2009 and May 2010. Motion, ECF No. 8 at 4; Hagan Declaration, ECF No. 8-14 at 1, Exh. G. They do not, however, identify the amount of the underlying payment or the number of months that KMA remained delinquent. *Id.* As a result, the court cannot verify whether the amounts that Plaintiffs seek for interest on late paid contributions are accurate.

## II. CONCLUSION

In *Board of Trustees v. C and C Concrete*, No. C 10-3343 LB, and *Board of Trustees v. C and C Concrete*, No. C 10-3344 LB, the court identified similar shortcomings in Mr. Hagan's documents and instructed counsel in those cases to submit additional declarations to cure the problems. *See Board of Trustees*, No. C 10-3343 LB, 3/31/11 Order, ECF No. 27; *Board of Trustees*, No. C 10-3344 LB, 3/31/11 Order, ECF No. 27. In both cases, counsel elected to file first amended complaints rather than supplemental declarations.

The problems listed above are not exhaustive. Just as in the *C and C Concrete* cases, the court devoted considerable time to identifying some of the errors, but it is Plaintiffs' obligation to identify what relief they seek consistent with the relief they requested in the complaint, and to demonstrate their entitlement to that relief through accurate and thorough supporting declarations.

Accordingly, the court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion for default judgment. In the past, the court directed only filing of a supplemental clarifying declaration. But given that the motion here discusses the incorrect amounts as opposed to amounts that match the complaint, it makes more sense for Plaintiffs to re-file a motion with correct figures supported by an accurate declaration. Also, given the past history, it may be that Plaintiffs elect to file an amended

C 10-05831 LB
ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
3

complaint.

Plaintiffs shall file either a motion for leave to file a first amended complaint or a renewed motion for default judgment by June 30, 2011.  If they decide to file a renewed motion for default judgment, Plaintiffs shall notice it for a hearing date on the court's civil law and motions calendar that is at least 35 from the date they file the motion.  *See* Civ. L.R. 7-2.

This disposes of ECF No. 8.

**IT IS SO ORDERED.**

Dated: May 27, 2011

_____
LAUREL BEELER
United States Magistrate Judge